Charles R. Markley, OSB #752405
cmarkley@williamskastner.com
Jackson Brannon, OSB #183143
jbrannon@williamskastner.com
WILLIAMS, KASTNER & GIBBS PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
Fax: (503) 222-7261
*Attorneys for Defendants Delta Hospitality Group
and Alexander Fullerton*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MATHEW LOVATO and STACIE CARMAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**DELTA HOSPITALITY GROUP, an Oregon corporation, dba MOTEL 6 NORTH PORTLAND; ALEXANDER FULLERTON; EMILY COTE, in her official capacity; JOHN SHADRON, in his official capacity; and CHRIS KULP, in his official capacity;,**<br><br>Defendants. | Case No. 3:22-cv-264<br><br>DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>Jury Trial Requested |

Defendants DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND ("Motel 6") and ALEXANDER FULLERTON ("Fullerton") (collectively "the Motel 6 Defendants") answer Plaintiffs' First Amended Complaint as follows:

Page 1 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7568678.1

1.	In response to Paragraph 1, the Motel 6 Defendants admit only that Motel 6 owns and operates a motel located in Portland, Oregon.  The Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that are directed to other entities, and therefore deny.  Except as expressly admitted herein, the Motel 6 Defendants deny the remaining allegations contained in Paragraph 1.

2.	In response to Paragraph 2, the Motel 6 Defendants admit that on February 19, 2021, Fullerton was the general manager of the motel referenced in Plaintiffs' Complaint.  The Motel 6 Defendants further admit that on or about February 19, 2021, Fullerton called 911 and requested police assistance in removing Plaintiffs from the motel property.  The Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2, and therefore deny.

3.	In response to Paragraph 3, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny.

4.	The allegations contained in Paragraph 4 are legal conclusions and, therefore, no response is required.  To the extent that a response is deemed necessary, and to the extent that the allegations contained therein relate to the Motel 6 Defendants, the Motel 6 Defendants deny.

5.	Paragraph 5 contains no allegations to which a response is required.  To the extent that a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the damages sought in their Complaint.

6.	Paragraphs 6, 7, and 8 are legal conclusions and, therefore, no response is required.

Page 2 -  DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7568678.1

7. In response to Paragraph 9, none of the allegations contained therein are directed to the Motel 6 Defendants. Accordingly, the Motel 6 Defendants are not required to respond to those allegations. To the extent that a response is deemed necessary, the Motel 6 Defendants deny that Plaintiffs were tenants within the meaning of ORS 90.100. The Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations that are directed to other entities, and therefore deny.

8. The Motel 6 Defendants admit the allegations contained in Paragraph 10.

9. In response to Paragraph 11, the Motel 6 Defendants admit only that, at the time of the events giving rise to this litigation, Fullerton was the general manager of the motel referenced in Plaintiffs' Complaint. The remaining allegation in Paragraph 11 is a legal conclusion and, therefore, no response is required. To the extent that a response is deemed necessary, the Motel 6 Defendants admit.

10. The allegation contained in Paragraph 12 is a legal conclusion and, therefore, no response is required. To the extent that a response is deemed necessary, the Motel 6 Defendants deny.

11. In response to Paragraph 13, none of the allegations contained therein are directed to the Motel 6 Defendants. Accordingly, the Motel 6 Defendants are not required to respond to those allegations. To the extent that a response is deemed necessary, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny.

12. In response to Paragraph 14, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny.

Page 3 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Williams, Kastner & Gibbs PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7568678.1

13. In response to Paragraphs 15 and 16, none of the allegations contained therein are directed to the Motel 6 Defendants. Accordingly, the Motel 6 Defendants are not required to respond to those allegations. To the extent that a response is deemed necessary, the Motel 6 Defendants deny that Plaintiffs were evicted from the motel referenced in Plaintiffs' Complaint. The Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations that are directed to other entities, and therefore deny.

14. In response to Paragraph 17, the Motel 6 Defendants admit only that Motel 6 has a policy that prohibits any guest from occupying the same room for more than 28 days. The Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations that are directed to other entities, and therefore deny.

15. The Motel 6 Defendants deny the allegations contained in Paragraph 18.

16. In response to Paragraph 19, the Motel 6 Defendants admit only that, prior to the events giving rise to this litigation, a van was towed from the parking lot of the motel referenced in Plaintiffs' Complaint. Except as expressly admitted herein, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and therefore deny.

17. In response to Paragraph 20, the Motel 6 Defendants admit only that, prior to the events giving rise to this litigation, a van was towed from the parking lot of the motel referenced in Plaintiffs' Complaint. The Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and therefore deny.

Page 4 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

7568678.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

18. In response to Paragraph 21, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny.

19. In response to Paragraph 22, none of the allegations contained therein are directed to the Motel 6 Defendants. Accordingly, the Motel 6 Defendants are not required to respond to those allegations. To the extent that a response is deemed necessary, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny.

20. In response to Paragraph 23, the Motel 6 Defendants admit only that on or about February 19, 2021, Fullerton called 911 and requested police assistance in removing Plaintiffs from the motel property. The Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and therefore deny.

21. In response to Paragraphs 24 through 32, none of the allegations contained therein are directed to the Motel 6 Defendants. Accordingly, the Motel 6 Defendants are not required to respond to those allegations. To the extent that a response is deemed necessary, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny.

22. The Motel 6 Defendants deny the allegations contained in Paragraph 33.

23. The Motel 6 Defendants deny the allegations contained in Paragraph 34.

24. Paragraph 35 re-alleges and incorporates allegations made in prior paragraphs. In response to Paragraph 35, the Motel 6 Defendants adopt and incorporate their responses to Paragraphs 1-34 as if set forth fully herein.

Page 5 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7568678.1

25. The allegation contained in Paragraph 36 is a legal conclusion and, therefore, no response is required.

26. The allegation contained in Paragraph 37 is a legal conclusion and, therefore, no response is required. To the extent that a response is deemed necessary, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein, and therefore deny.

27. The allegation contained in Paragraph 38 is a legal conclusion and, therefore, no response is required.

28. Paragraph 39 re-alleges and incorporates allegations made in prior paragraphs. In response to Paragraph 39, the Motel 6 Defendants adopt and incorporate their responses to Paragraphs 1-38 as if set forth fully herein.

29. The Motel 6 Defendants deny the allegations contained in Paragraph 40.

30. The allegation contained in Paragraph 41 is a legal conclusion and, therefore, no response is required. To the extent that a response is deemed necessary, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein, and therefore deny.

31. The allegation contained in Paragraph 42 is a legal conclusion and, therefore, no response is required. To the extent that a response is deemed necessary, the Motel 6 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein, and therefore deny.

32. Paragraph 43 re-alleges and incorporates allegations made in prior paragraphs. In response to Paragraph 43, the Motel 6 Defendants adopt and incorporate their responses to Paragraphs 1-42 as if set forth fully herein.

Page 6 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Williams, Kastner & Gibbs PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7568678.1

33. The Motel 6 Defendants deny the allegations contained in Paragraphs 44 and 45.

34. The allegation contained in Paragraph 46 is a legal conclusion and, therefore, no response is required. To the extent that a response is deemed necessary, the Motel 6 Defendants deny that Fullerton committed any act or omission that would subject Motel 6 to vicarious liability.

35. The Motel 6 Defendants deny the allegation contained in Paragraph 47.

37. Paragraph 48 contains no allegations to which a response is required.

38. Except as expressly admitted herein, the Motel 6 Defendants deny each and every allegation contained in Plaintiffs' Complaint and the whole thereof.

## **AFFIRMATIVE DEFENSES**

The Motel 6 Defendants reserve the right to rely upon the following affirmative defenses to the claims asserted in Plaintiffs' Complaint to the extent supported by the evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiffs and with the reservation of their right to amend or supplement their responses to Plaintiffs' Complaint, as well as their affirmative defenses, as information is gathered through discovery.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

39. Plaintiffs' Complaint fails to state ultimate facts sufficient to constitute any claim for relief against the Motel 6 Defendants.

/ / /

/ / /

Page 7 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7568678.1

## SECOND AFFIRMATIVE DEFENSE

## (Statute of Limitations)

40. Plaintiffs' claims for relief against the Motel 6 Defendants are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

41. Plaintiffs have failed to mitigate their damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

## (Comparative Fault)

42. Plaintiffs' alleged damages and/or losses, if any, were caused in whole or in part by Plaintiffs' own negligent acts or omissions, including but not limited to:

   a) In failing to notify Motel 6 staff that Plaintiffs owned the van referenced in Plaintiffs' Complaint, which constituted a violation of a Motel 6 policy that was communicated to Plaintiffs each and every time they checked into the Motel 6;

   b) In using offensive language and making verbal threats toward Fullerton and/or other Motel 6 staff on multiple occasions prior to and on the date of the events giving rise to this litigation; and

   c) In trespassing on motel property after lawfully being asked to leave the property as a result of Plaintiffs using offensive language and making verbal threats toward Fullerton and/or other Motel 6 staff.

/ / /

/ / /

/ / /

Page 8 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

7568678.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## FIFTH AFFIRMATIVE DEFENSE

### (Plaintiffs not Tenants under ORS Chapter 90)

43. Plaintiffs are precluded from asserting any claims against the Motel 6 Defendants that arise under ORS Chapter 90 because Plaintiffs were not "tenants" under ORS Chapter 90 at the time of the events giving rise to this litigation.

## SIXTH AFFIRMATIVE DEFENSE

### (Motel 6 Defendants not Landlords under ORS Chapter 90)

44. Plaintiffs are precluded from asserting any claims against the Motel 6 Defendants that arise under ORS Chapter 90 because the Motel 6 Defendants were not "landlords" under ORS Chapter 90 at the time of the events giving rise to this litigation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Towing of Van was Lawful)

45. Pursuant to motel policy and ORS 98.812(1), the towing of the van referenced in Plaintiffs' Complaint was permissible and lawful because the van was improperly and unlawfully parked on motel property in violation of motel policy and ORS 98.810(2).

## EIGHTH AFFIRMATIVE DEFENSE

### (No Attorney Fees)

46. Plaintiffs are not entitled to recover any attorney fees, costs, or necessary disbursements because ORS Chapter 90 does not apply to Plaintiffs' claims against the Motel 6 Defendants.

/ / /

/ / /

Page 9 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

7568678.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## NINETH AFFIRMATIVE DEFENSE

### (Punitive Damages not Recoverable)

47. Plaintiffs are not entitled to recover any punitive damages from the Motel 6 Defendants because ORS Chapter 90 does not provide for recovery of punitive damages.

## TENTH AFFIRMATIVE DEFENSE

### (Apportionment)

48. Pursuant to ORS 31.600, fault for Plaintiffs' damages and/or losses, if any, should be apportioned by the fact finder and Plaintiffs' damages and/or losses, if any, should be reduced in proportion to the percentage of fault attributable to other parties.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

49. Plaintiffs' damages and/or losses, if any, were caused or contributed to by superseding, intervening, and unexpected actions, omissions, or events such that the Motel 6 Defendants are not liable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fault of Others)

50. Plaintiffs' damages and/or losses, if any, are attributable to the acts and omission of other parties over whom the Motel 6 Defendants had no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Unlawful Ouster / Eviction)

51. The Motel 6 Defendants' actions to remove Plaintiffs from the motel property were made in a peaceable manner, without force, and were permissible under applicable law.

/ / /

Page 10 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

7568678.1

Williams, Kastner & Gibbs PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Incorporation)

52. To the extent not asserted above, the Motel 6 Defendants incorporate by reference any and all applicable affirmative defenses asserted by any other Defendant in their Answers to Plaintiffs' Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

53. Plaintiffs' claims against the Motel 6 Defendants may be barred, in whole or in part, by other affirmative defenses which will not be known until discovery is complete. The Motel 6 Defendants reserve the right to assert all other affirmative defenses which may become available during or following completion of discovery.

DATED this 11th day of April, 2022.

s/ Charles R. Markley
Charles R. Markley, OSB #752405
J. Jackson Brannon, III, OSB #18143
WILLIAMS, KASTNER & GIBBS PLLC
(503) 228-7967
*Attorneys for Defendants Delta Hospitality Group and Alexander Fullerton*

Page 11 - DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7568678.1

# CERTIFICATE OF SERVICE

I certify that I served the foregoing DEFENDANTS DELTA HOSPITALITY GROUP dba MOTEL 6 NORTH PORTLAND AND ALEXANDER FULLERTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT on the following attorneys by the method indicated below on the 11th day of April, 2022:

*Of Attorneys for Plaintiff:*

Kelsey Heilman
MariRuth Petzing
Ed Johnson
OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR 97204
kheilman@oregonlawcenter.org
mpetzing@oregonlawcenter.org
ejohnson@oregonlawcenter.org

☒ Via ECF/Filing
☐ Via Legal Messenger
☐ Via Facsimile
☒ Via Electronic Mail
☐ Via U.S. Mail

s/ Charles R. Markley
Charles R. Markley, OSB #752405
J. Jackson Brannon, III, OSB #183143
*Attorneys for Defendants Delta Hospitality Group and Alexander Fullerton*

Page 1 - CERTIFICATE OF SERVICE

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Telephone: (503) 228-7967 • Fax (503) 222-7261

7568678.1