DANIEL SIMON, OSB #124544
Deputy City Attorney
dan.simon@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Emily Cote,
John Shadron, and Chris Kulp*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MATHEW LOVATO and STACIE CARMAN,** | 3:22-cv-00264-SB |
| PLAINTIFFS, | **DEFENDANTS EMILY COTE, JOHN SHADRON, AND CHRIS KULP'S ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| **DELTA HOSPITALITY GROUP, an Oregon corporation, dba MOTEL 6 NORTH PORTLAND; ALEXANDER FULLERTON; EMILY COTE in her individual capacity; JOHN SHADRON in his individual capacity; and CHRIS KULP in his individual capacity;** | |
| DEFENDANTS. | |

Defendants Emily Cote, John Shadron, and Chris Kulp (hereinafter "Defendants" or "City"), answer Plaintiffs' First Amended Complaint in correspondingly numbered paragraphs as follows:

## I. INTRODUCTION

1.

City Defendants deny that they committed an illegal eviction. Otherwise, City Defendants lack information sufficient to admit or deny the allegations in paragraph 1 at this

Page 1 – DEFENDANT EMILY COTE, JOHN SHADRON, AND CHRIS KULP'S ANSWER AND AFFIRMATIVE DEFENSES

time and therefore deny the allegations.

2.

City Defendants lack information sufficient to admit or deny the allegations in paragraph 2 at this time and therefore deny the allegations.

3.

City Defendants admit that Portland Police Bureau ("PPB") Officers responded to a 911 call from a person who identified himself as Alexander Fullerton, the general manager of the Motel 6 on 1125 N Schmeer Road. Mr. Fullerton stated that he had to tow an unregistered vehicle that was parked in area that was not a parking spot, and following that plaintiffs Lovato and Carman had been aggressive and retaliatory towards him. Mr. Fullerton stated that the plaintiffs were occupants of the hotel in rooms 306 and 309 of the motel and that he wanted them removed from the property. Mr. Fullerton stated that the plaintiffs have threatened lawsuits, told him "karma's not going to be good for you," and threatened him. Mr. Fullerton stated that the occupants were currently in their motel rooms. Otherwise, City Defendants deny the allegations in paragraph 3 of the Complaint.

4.

City Defendants deny that they violated plaintiffs' constitutional rights. The other allegations in paragraph 4 are not directed at City Defendants and no response is required.

5.

City Defendants deny that plaintiffs are entitled to damages from City Defendants in this action.

## II. JURISDICTION AND VENUE

6.

City Defendants admit the allegations in paragraph 6.

7.

City Defendants admit the allegations in paragraph 7.

Page 2 – DEFENDANT EMILY COTE, JOHN SHADRON, AND CHRIS KULP'S ANSWER AND AFFIRMATIVE DEFENSES

8.

City Defendants admit the allegations in paragraph 8.

### III. PARTIES

9.

City Defendants lack information sufficient to admit or deny the allegations in paragraph 9 at this time and therefore deny the allegations.

10.

The allegations in paragraphs 10-12 are not directed at City Defendants and no response is required.

11.

The allegations in paragraphs 10-12 are not directed at City Defendants and no response is required.

12.

The allegations in paragraphs 10-12 are not directed at City Defendants and no response is required.

13.

City Defendants admit the allegations in paragraph 13.

### IV. FACTUAL ALLEGATIONS

14.

City Defendants lack information sufficient to admit or deny the allegations in paragraphs 14-16 at this time and therefore deny the allegations.

15.

City Defendants lack information sufficient to admit or deny the allegations in paragraphs 14-16 at this time and therefore deny the allegations.

16.

City Defendants lack information sufficient to admit or deny the allegations in paragraphs

14-16 at this time and therefore deny the allegations.

17.

The allegations in paragraphs 17-22 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 17-22 at this time and therefore deny the allegations.

18.

The allegations in paragraphs 17-22 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 17-22 at this time and therefore deny the allegations.

19.

The allegations in paragraphs 17-22 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 17-22 at this time and therefore deny the allegations.

20.

The allegations in paragraphs 17-22 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 17-22 at this time and therefore deny the allegations.

21.

The allegations in paragraphs 17-22 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 17-22 at this time and therefore deny the allegations.

22.

The allegations in paragraphs 17-22 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 17-22 at this time and therefore deny the allegations.

23.

City Defendants admit that the City's Bureau of Emergency Communications received a 911 call at approximately 11:25 AM on February 19, 2021 from a person who identified himself as Alexander Fullerton, the general manager of the Motel 6 on 1125 N Schmeer Road. Mr. Fullerton stated that he had to tow an unregistered vehicle that was parked in area that was not a parking spot, and following that plaintiffs Lovato and Carman had been aggressive and retaliatory towards him. Mr. Fullerton stated that the plaintiffs were occupants of the hotel in rooms 306 and 309 of the motel and that he wanted them removed from the property. Mr. Fullerton stated that the plaintiffs have threatened lawsuits, told him "karma's not going to be good for you," and threatened him. Mr. Fullerton stated that the occupants were currently in their motel rooms. Otherwise, City Defendants deny the allegations in paragraph 23 of the Complaint.

24.

City Defendants admit that they were dispatched to the scene and they initially spoke to plaintiff Carman outside of Rooms 306 and 309 at the Motel 6. Otherwise, City Defendants deny the allegations in paragraphs 24 of the Complaint.

25.

City Defendants admit that plaintiff Lovato arrived later and that City Defendants then spoke with plaintiff Lovato. Otherwise, City Defendants lack information sufficient to admit or deny the allegations in paragraph 25 at this time and therefore deny the allegations.

26.

City Defendants lack information sufficient to admit or deny the allegations in paragraph

Page 5 – DEFENDANT EMILY COTE, JOHN SHADRON, AND CHRIS KULP'S ANSWER AND AFFIRMATIVE DEFENSES

26 at this time and therefore deny the allegations.

27.

City Defendants lack information sufficient to admit or deny the allegations in paragraph 27 at this time and therefore deny the allegations.

28.

City Defendants lack information sufficient to admit or deny the allegations in paragraph 28 at this time and therefore deny the allegations.

29.

City Defendants lack information sufficient to admit or deny the allegations in paragraph 29 at this time and therefore deny the allegations.

30.

City Defendants lack information sufficient to admit or deny the allegations in paragraph 30 at this time and therefore deny the allegations.

31.

City Defendants lack information sufficient to admit or deny the allegations in paragraph 31 at this time and therefore deny the allegations.

32.

City Defendants lack information sufficient to admit or deny the allegations in paragraph 32 at this time and therefore deny the allegations.

33.

City Defendants deny that plaintiffs are entitled to damages from City Defendants in this action. Otherwise, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 33-34 at this time and therefore deny the allegations.

34.

City Defendants deny that plaintiffs are entitled to damages from City Defendants in this action. Otherwise, City Defendants lack information sufficient to admit or deny the allegations in

Page 6 – DEFENDANT EMILY COTE, JOHN SHADRON, AND CHRIS KULP'S ANSWER AND AFFIRMATIVE DEFENSES

paragraphs 33-34 at this time and therefore deny the allegations.

## V. FIRST CLAIM FOR RELIEF
Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983
(against Defendants Cote, Shadron and Kulp)

35.

City Defendants reallege and reincorporate their responses in paragraphs 1-34 below.

36.

City Defendants admit the allegations in paragraph 36.

37.

City Defendants admit the allegations in paragraph 37.

38.

City Defendants deny the allegations in paragraph 38.

## VI. SECOND CLAIM FOR RELIEF
Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983)
(against Defendants Cote, Shadron, and Kulp)

39.

City Defendants reallege and reincorporate their responses in paragraphs 1-38 below.

40.

City Defendants lack information sufficient to admit or deny the allegations in paragraphs 40-41 at this time and therefore deny the allegations.

41.

City Defendants lack information sufficient to admit or deny the allegations in paragraphs 40-41 at this time and therefore deny the allegations.

42.

City Defendants deny the allegations in paragraph 42.

## VII. THIRD CLAIM FOR RELIEF
Oregon Residential Landlord/Tenant Act
(against Defendants Motel 6 and Fullerton)

Page 7 – DEFENDANT EMILY COTE, JOHN SHADRON, AND CHRIS KULP'S ANSWER AND AFFIRMATIVE DEFENSES

43.

City Defendants reallege and reincorporate their responses in paragraphs 1-42 below.

44.

The allegations in paragraphs 44-47 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 44-47 at this time and therefore deny the allegations.

45.

The allegations in paragraphs 44-47 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 44-47 at this time and therefore deny the allegations.

46.

The allegations in paragraphs 44-47 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 44-47 at this time and therefore deny the allegations.

47.

The allegations in paragraphs 44-47 are not directed at City Defendants and no response is required. To the extent that any response is required, City Defendants lack information sufficient to admit or deny the allegations in paragraphs 44-47 at this time and therefore deny the allegations.

**DEMAND FOR JURY TRIAL**

48.

City Defendants acknowledge that plaintiffs demand a jury trial. City Defendants deny that plaintiffs are entitled to relief from City Defendants.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

49.

Plaintiffs have failed to assert ultimate facts sufficient to constitute claims for relief against City Defendants.

## SECOND AFFIRMATIVE DEFENSE

(No Constitutional Violation)

50.

The actions taken by the City Defendants did not violate any of the plaintiffs' Constitutional Rights

## THIRD AFFIRMATIVE DEFENSE

(Qualified Immunity)

51.

Defendant's police officers are entitled to qualified immunity from liability under 42 U.S.C. § 1983 because they acted in good faith and a reasonable police officer in their position would not have known that any of their actions or inactions would have violated a clearly established constitutional right of plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

52.

All or part of the harm alleged by plaintiffs were a result of plaintiffs' own actions or inactions or was otherwise a result of their failure to mitigate their damages.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

## FIFTH AFFIRMATIVE DEFENSE

(Fault of Others)

53.

Plaintiffs' damages, if any, were caused by the fault of other parties over whom City Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

(Apportionment)

54.

Pursuant to ORS 31.600, fault for plaintiffs' damages, if any, should be apportioned by the factfinder and plaintiffs' damages, if any, should be reduced in proportion to the percentage of fault attributable to other parties.

## SEVENTH AFFIRMATIVE DEFENSE

(Right to Amend)

55.

City Defendants reserve the right to amend their answer and add other affirmative defenses through and after discovery.

WHEREFORE, having fully answered plaintiffs' Complaint, defendants pray that plaintiffs' Complaint be dismissed and that judgment be entered in defendants' favor and for defendants' costs and disbursements incurred herein, in addition to such other relief as may be justified.

DATED: May 4, 2022.

Respectfully submitted,

DANIEL SIMON, OSB #124544
Deputy City Attorney
dan.simon@portlandoregon.gov
*Of Attorneys for Emily Cote, John Shadron, and Chris Kulp*

Page 10 – DEFENDANT EMILY COTE, JOHN SHADRON, AND CHRIS KULP'S ANSWER AND AFFIRMATIVE DEFENSES