

Kelsey Heilman, Attorney at Law
522 SW Fifth Ave., Suite 812
Portland, OR 97204
(503) 473-8324
kheilman@oregonlawcenter.org

*By email only*

September 2, 2022

The Hon. Stacie Beckerman
U.S. District Court for the District of Oregon
SBpropdoc@ord.uscourts.gov

Re:     *Lovato v. Delta Hospitality Grp. et al.*, Case No. 3:22-cv-00264-SB
        Discovery dispute

Judge Beckerman,

Oregon Law Center represents plaintiffs Mathew Lovato and Stacie Carman in the above-captioned case. We write to request your assistance with resolving a dispute over the production of documents by defendants Delta Hospitality Group and Alexander Fullerton ("the Motel 6 defendants"). Depositions of these defendants are scheduled for September 16 (Mr. Fullerton) and September 28 (entity deposition of Delta Hospitality Group.) We are asking you to direct the Motel 6 defendants to produce the following documents, or state in writing that the documents do not exist, by September 12, 2022 (4 days prior to the first scheduled depositions).

Plaintiffs served requests for production on the Motel 6 defendants on May 12, 2022. A copy of the RFPs is attached as Exhibit 1; a copy of the Motel defendants' responses to the RFPs, served June 10, 2022, is attached as Exhibit 2. The parties also negotiated a stipulated protective order, which the court adopted and issued on June 23, 2022.

Over the past two months, plaintiffs' counsel diligently sought the documents at issue through multiple conferral calls and emails to the Motel 6 defendants' counsel. These attempts included a detailed follow-up email sent July 8, 2022 (attached as Exhibit 3); a phone call July 21, 2022, during which counsel for the Motel 6 defendants stated they would issue supplemental production by August 5, 2022; an August 15, 2022 email reminding opposing counsel that plaintiffs were still waiting for the supplemental production promised by August 5; an August 26, 2022 email reminding counsel of the same; and an August 29, 2022 email (attached as Exhibit 4) identifying the specific records describing in this letter and requesting their production by September 2, 2022.

The Motel 6 defendants have produced some supplemental discovery in response to these efforts. Specifically, on August 26, 2022, they produced a copy of an insurance policy, and on September 1, 2022, they produced copies of two employee forms for Mr. Fullerton (a copy of his I-9 and copy of his W-4). However, there are several outstanding requests for which we have received no production or production appears to be complete.

We explain the RFPs at issue and the documents we believe the Motel 6 defendants are obligated to produce below.

1. **RFP No. 4: All policies, procedures, protocols, manuals or other documents describing Motel 6 North Portland's policies regarding limits on guests' length of stay.**

   The Motel 6 defendants responded to this RFP as follows:

   Objection. Overly broad and unduly burdensome with respect to "all documents", oppressive, not reasonably limited as to scope and/or time, and not reasonably calculated to lead to the discovery of admissible evidence. As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced. DEFENDANTS further object because this Request is sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine, and/or prepared in anticipation of litigation and/or trial. Objection is also made to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel, and such documents will not be produced or identified. DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information. Finally, DEFENDANTS object to this Request because it is vague and ambiguous with respect to the undefined phrase, "policies regarding limits on guests' length of stay."

   Subject to and without waiving these or any General Objections, discovery is ongoing and non-privileged, responsive documents, if any, will be provided upon receipt.

   The Motel 6 defendants have not produced any documents responsive to this request. We requested production of these documents in our July 8 email. Counsel for the Motel 6 defendants orally represented to plaintiffs' counsel during the July 21 phone call that there are no written policies on the listed topics. Plaintiffs' counsel expressed skepticism about this assertion and asked the Motel 6 defendants' counsel to check again with his client, which he agreed to do. Since that conversation, the Motel 6 defendants have neither produced documents responsive to this request nor confirmed in writing that no responsive documents exist.

   The requested documents are discoverable because policies and procedures on length-of-stay limits are relevant to plaintiffs' claims because, among other reasons (1) whether a resident of a hotel is entitled to the protections of the Oregon Residential Landlord-Tenant Act ("ORLTA") depends in part on length of stay, ORS 90.100(50) & 90.110(4) and (2) Oregon law prohibits landlords from avoiding liability under the ORLTA through measures intended to avoid the application of ORLTA, ORS 90.110.

Plaintiffs seek a ruling directing the Motel 6 defendants to produce the requested written policies or confirm in writing that no responsive documents exist. Plaintiffs believe these policies may be contained, in part, in an employee handbook/manual and specifically request a ruling that the Motel 6 defendants produce any such handbook if it contains responsive policies.

2. **RFP No. 5: All policies, procedures, protocols, manuals or other documents describing Motel 6 North Portland's policies regarding the application of landlord-tenant law to guests/tenants at the motel, including but not limited to how guests and/or tenants may be trespassed, removed, or evicted from the motel.**

The Motel 6 defendants' response to this RFP is identical to their response to RFP number 4, except they assert that the phrase "regarding the application of landlord-tenant law to guests/tenants at the motel" (instead of "policies regarding limits on guests' length of stay") is vague and ambiguous.

The Motel 6 defendants have not produced any documents responsive to this request. Counsel for the Motel 6 defendants orally represented to plaintiffs' counsel during the July 21 phone call that there are no written policies on the listed topics. Plaintiffs' counsel expressed skepticism about this assertion and asked the Motel 6 defendants' counsel to check again with his client, which he agreed to do. Since that conversation, the Motel 6 defendants have neither produced documents responsive to this request nor confirmed in writing that no responsive documents exist.

The requested documents are discoverable because policies and procedures on the application of landlord-tenant law to guests/tenants at the motel, including policies on trespassing/removing/evicting guests/tenants from the motel, are relevant to plaintiffs' claims because this suit alleges an unlawful eviction from the motel.

Plaintiffs seek a ruling directing the Motel 6 defendants to produce the requested written policies or confirm in writing that no responsive documents exist. Plaintiffs believe these policies may be contained, in part, in an employee handbook/manual and specifically request a ruling that the Motel 6 defendants produce any such handbook if it contains responsive policies.

3. **RFP No. 6: All documents reflecting or referencing Plaintiffs' payments to stay at Motel 6 North Portland, and assignment to rooms at Motel 6 North Portland, between January 1, 2019, and February 28, 2021.**

The Motel 6 defendants responded to this RFP as follows:

Objection. Overly broad and unduly burdensome with respect to "all documents", oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced. DEFENDANTS further object because this Request is

9/2/2022
p. 4

sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial. Objection is also made to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel, and such documents will not be produced or identified. DEFENDANTS further object to the extent this Request purports to require DEFENDANTS to produce documents from files maintained by any individual or entity other than DEFENDANTS, or to provide documents not in DEFENDANTS' possession, custody, or control. DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information. Finally, DEFENDANTS object to the extent this Request seeks disclosure of the identity of expert witness(es) that DEFENDANTS may rely upon in this action. DEFENDANTS will make their expert disclosures consistent with the provisions of Fed.R.Civ.P. 26(a)(2) and the Court's scheduling order.

Subject to and without waiving these or any General Objections, please see **DEF_00001-00090**.

The documents produced contained booking records from 2021 only. In the July 8 email, plaintiffs' counsel requested production of booking records from 2019 and 2020, as plaintiffs allege they began staying at the Motel 6 in 2019, and continuously lived at the Motel 6 for 2020. By phone, counsel for Motel 6 asserted that it would be difficult for his client to produce the additional booking records, but has provided no further information about this alleged burden.

Booking records from 2019 and 2020 are discoverable because plaintiffs' length of stay at the motel is relevant to whether they were, as they allege, tenants entitled to the protections of the ORLTA. These booking records are also relevant because they may contain information about the Motel 6 defendants' practices regarding length-of-stay limits.

Plaintiffs seek a ruling directing the Motel 6 defendants to produce booking records for 2019 and 2020 or state in writing that those records do not exist.

4. **RFP No. 12: The complete Delta Hospitality Group/Motel 6 employment file for Alexander Fullerton, including any records of guest/tenant complaints.**

The Motel 6 defendants responded to this RFP as follows:

Objection. Overly broad, unduly burdensome, and oppressive. DEFENDANTS also object because this Request seeks documents irrelevant to any claim or defense in this matter, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. DEFENDANTS further object because this Request is sufficiently broad enough to encompass documents protected by the

attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial. DEFENDANTS object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information. Objection is also made because this Request alleges, assumes or implies that one or more individuals who currently occupy or have occupied a room at the Motel 6 referenced in Plaintiffs' Complaint are "tenants", which DEFENDANTS deny. Finally, DEFENDANTS object to this Request because it is vague and ambiguous with respect to the undefined phrases, "complete Delta Hospitality Group/Motel 6 employment file" and "any records of guest/tenant complaints."

Subject to and without waiving these or any General Objections, discovery is ongoing and non-privileged, responsive documents, if any, will be provided upon receipt.

The Motel 6 defendants produced no documents responsive to this request until September 1, 2022, when they produced (1) a copy of Mr. Fullerton's Form I-9 (employment eligibility verification) and (2) a copy of Mr. Fullerton's Form W-4 (employee's withholding certificate). The Motel 6 defendants have produced no other documents in response to this request.

Mr. Fullerton's _full_ personnel file is discoverable. Mr. Fullerton is defendant in this case and is being deposed. Plaintiffs are entitled to review, among other things, application materials, training materials (including any employee handbook/manual provided to Mr. Fullerton), documentation related to any work separation and rehiring, payroll, schedule, performance reviews, and complaints/disciplinary actions. Plaintiffs seek a ruling directing the Motel 6 defendants to produce Mr. Fullerton's full personnel file and any related documents (such as the employee handbook/manual, if provided to Mr. Fullerton, and any records of complaints) or confirm in writing that no responsive documents exist except the two documents already produced.

Please let us know if you require additional information. We appreciate your assistance in resolving this dispute.

Sincerely,

Kelsey Heilman

Cc:     MariRuth Petzing, Counsel for Plaintiffs
        Ed Johnson, Counsel for Plaintiffs
        Jackson Brannon, Counsel for Motel 6 Defendants
        Dan Simon, Counsel for PPB Defendants

Encl:   Exhibits 1-4

Kelsey Heilman, OSB No.140348
kheilman@oregonlawcenter.org
MariRuth Petzing, OSB No. 135412
mpetzing@oregonlawcenter.org
Ed Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR 97204
(503) 473-8324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATHEW LOVATO and STACIE CARMAN,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA HOSPITALITY GROUP, an Oregon corporation, dba MOTEL 6 NORTH PORTLAND; ALEXANDER FULLERTON; EMILY COTE, in her individual capacity; JOHN SHADRON, in his individual capacity; and CHRIS KULP, in his individual capacity;<br><br>Defendants. | Case No. 3:22-cv-00264-SB<br><br>**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DELTA HOSPITALITY GROUP AND ALEXANDER FULLERTON** |

TO:   Jackson Brannon, Williams Kastner, 1515 SW Fifth Avenue, Suite 600, Portland, OR 97201-5449, JBrannon@williamkastner.com

Pursuant to Fed. R. Civ. P. 26 and 34, plaintiffs direct the following requests for production to Defendants Delta Hospitality Group dba Motel 6 North Portland and Alexander Fullerton (collectively, "the Motel 6 Defendants") and their attorneys of record. The Motel 6 Defendants are to answer these requests separately and fully, in writing, within 30 days of

service, in accordance with Fed. R. Civ. P. 34 and the Definitions and Instructions set forth

below. The Motel 6 Defendants are requested to produce and permit Plaintiffs by and through

their attorneys to inspect and copy documents and things hereinafter designated. The Motel 6

Defendants are requested to produce said documents and things within 30 days at the offices of

Plaintiffs' attorneys, via email to the extent possible, or at such other time and place as may be

agreed upon by the parties.

## DEFINITIONS

For the purpose of these Requests, the following terms are used as defined immediately

below:

1.      "Person" or "persons" mean, unless otherwise specified, any natural person, firm,

corporation, labor organization, partnership association, joint venture, group or association and

any other form of business organization or arrangement.

2.      "Document" or "documents" mean all writings, of any form, kind, character or

description including, but not limited to:  The original and all non-identical copies, whether

different from the original by reason of any notation made on such copies or otherwise;

correspondence; letters; memoranda; notes; diaries; statistics; telegrams; minutes; transcripts;

contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries;

pamphlets; books; prospecti; inter-office and intra-office communications; offers; notations of

any sort of conversation, telephone calls, meetings or other communications; bulletins; printed

matter; invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration

modifications, changes, and amendments of any of the foregoing; questionnaires; opinions;

statements; graphic and oral representations of any kind, including without limitation

photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.

3.      "All documents" means every document (as above defined) known to defendant and every such document which can be located or discovered by reasonably diligent efforts.

4.      "Defendant," "you," "your," "yourself," or "The Motel 6 Defendants" refers to Defendants Delta Hospitality Group and Alexander Fullerton, named in this action, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, branch office, department and consultant of the Motel 6 Defendants.

5.      "Any" or "each" shall be understood to include "all," and "all" shall be understood to include "any" or "each."

6.      "Or" shall be understood to include "and;" and "and" shall be understood to include "or."

7.      "Plaintiffs" refers to Mathew Lovato and Stacie Carman, named in this action, unless the context indicates or specifies otherwise.

## INSTRUCTIONS

1.      These requests for production refer to all originals, copies, drafts, and versions of documents, paper or electronic, whether or not now in existence, in the possession, custody, or control of You or Your agents, employees, representatives, attorneys, consultants, or any others acting on behalf of or under Your direction or control.

2.      You are required to conduct a diligent search, including any reasonable inquiries, of all documents, records, papers, electronically stored information, and other materials that are

in the possession, custody, or control of Your agents, employees, representatives, attorneys, consultants, or any others acting on behalf of or under Your direction or control.

3.      These document requests shall be deemed continuing so as to require supplemental responses if You locate or obtain any further responsive documents after the time of Your initial production.

4.      Whenever a document is not produced in full (as, for example, when material is excerpted or redacted from a document), state with particularity the reason(s) why the document was not produced in full, and describe to the best of your knowledge, information, or belief, and with as much particularity as possible, those portions of the document that are not produced, including the content or substance of the content thereof.

5.      If documents existed that were responsive to any of these requests, but You contend that such documents no longer exist, then for each such document:

(a)      Describe the nature of the document in sufficient particularity to identify it, including the date and subject matter of the document;

(b)      Identify the person(s) who prepared the document;

(c)      Identify the person(s) who sent and received the original or any copies of the document, or to whom the document was circulated, or its contents communicated or disclosed; and

(d)      State the circumstances which prevent production of the document;

6.      If you contend that responsive documents exist but are not, or no longer are, within your possession, custody, or control, identify the person(s) or entities who You now contend have possession, custody, or control, and the categories of documents by request number.

7.      With respect to each request as to which a claim of privilege is asserted, in whole or in part, in order to withhold a responsive Document, please state the following in a separate privilege log: (a) the type of communication, information, or document as to which a claim of privilege is being asserted; (b) the basis of any claim of privilege.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  All documents referencing Plaintiffs. This request includes but is not limited to all emails, correspondence, recordings, text messages, social media posts, and photographs.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2:**  All documents related to the incidents giving rise to this complaint that took place at the Motel 6 in North Portland between January 1, 2019, and February 28, 2021.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3:**  Any insurance or other agreement(s) under which any person or insurer may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 4:**  All policies, procedures, protocols, manuals or other documents describing Motel 6 North Portland's policies regarding limits on guests' length of stay.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5:** All policies, procedures, protocols, manuals or other documents describing Motel 6 North Portland's policies regarding the application of landlord-tenant law to guests/tenants at the motel, including but not limited to how guests and/or tenants may be trespassed, removed, or evicted from the motel.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6:** All documents reflecting or referencing Plaintiffs' payments to stay at Motel 6 North Portland, and assignment to rooms at Motel 6 North Portland, between January 1, 2019, and February 28, 2021.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications, electronic or otherwise, between Plaintiffs and Motel 6 North Portland staff, including but not limited to communications with Defendant Fullerton.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 8**: All documents, written and electronic, which constitute or refer to the Motel 6 Defendants' files regarding Plaintiffs' removal from the Motel 6 North Portland premises on February 19, 2021. This request includes, but is not limited to, any written notice to vacate/leave the premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**: Documents, including investigations and reports, concerning any complaints about Plaintiffs during their stay at Motel 6 North Portland.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**:  Any communication, document, copy of any Complaint or Petition, and any judgment or settlement in any lawsuits filed against the Motel 6 Defendants within the last five years in which a claim for unlawful eviction was alleged.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  Any communication, document, copy of any Complaint or Petition, and any judgment or settlement in any lawsuits filed by the Motel 6 Defendants within the last five years, including but not limited to any actions for possession under the Oregon Residential Landlord-Tenant Act.

**REQUEST FOR PRODUCTION NO. 12:**  The complete Delta Hospitality Group/Motel 6 employment file for Alexander Fullerton, including any records of guest/tenant complaints.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  All documents issued by the Motel 6 Defendants, from January 1, 2019 to March 1, 2021, to any guests or tenants that reference rights or obligations under Oregon landlord-tenant law, including but not limited to leases, notices of lease violation, and notices to vacate.

**RESPONSE:**

DATED: May 12, 2022

__  s/ MariRuth Petzing_____

Kelsey Heilman, OSB No.140348
kheilman@oregonlawcenter.org
MariRuth Petzing, OSB No. 135412
mpetzing@oregonlawcenter.org
Ed Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org

OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR 97204
(503) 473-8324

Attorneys for Plaintiffs

Charles R. Markley, OSB #752405
cmarkley@williamskastner.com
Jackson Brannon, OSB #183143
jbrannon@williamskastner.com
WILLIAMS, KASTNER & GIBBS PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
Fax: (503) 222-7261
*Attorneys for Defendants Delta Hospitality Group
and Alexander Fullerton*

The Honorable Stacie F. Beckerman

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MATHEW LOVATO and STACIE CARMAN,** | **Case No. 3:22-cv-264** |
| Plaintiffs, | **DEFENDANTS DELTA HOSPITALITY GROUP AND ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION** |
| v. | |
| **DELTA HOSPITALITY GROUP, an Oregon corporation, dba MOTEL 6 NORTH PORTLAND; ALEXANDER FULLERTON; EMILY COTE, in her official capacity; JOHN SHADRON, in his official capacity; and CHRIS KULP, in his official capacity,** | |
| Defendants. | |

In response to Plaintiffs' First Interrogatories and Requests for Production ("Requests")

to Defendants Delta Hospitality Group, dba Motel 6 North Portland and Alexander Fullerton

/ / /

Page 1 -   DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

(collectively "DEFENDANTS"), DEFENDANTS respectfully submit the following Objections and Responses.

## GENERAL OBJECTIONS

1.      DEFENDANTS object to each and every one of PLAINTIFFS' Requests.

2.      DEFENDANTS additionally object to the Requests to the extent that the Requests are overly broad and unduly burdensome in that the subjects of inquiry could have been reasonably narrowed.

3.      DEFENDANTS object to the Requests to the extent the Requests seek to impose obligations beyond the requirements of the Federal Rules of Civil Procedure.

4.      DEFENDANTS object to the Requests to the extent the Requests seek disclosure of information or materials subject to the attorney-client privilege or that constitute trial preparation materials within the meaning of the Federal Rules of Civil Procedure and interpretive case law.

5.      DEFENDANTS object on the grounds that certain documents requested by PLAINTIFFS are responsive to more than one Request.  By producing such documents in response to one Request, DEFENDANTS are not asserting that the documents are not also responsive to other Requests.

6.      DEFENDANTS object to producing any original documents at the office of PLAINTIFFS' attorneys.  DEFENDANTS will only produce copies of non-privileged, responsive documents located within its possession, custody, or control.

7.      DEFENDANTS object to the Requests to the extent the Requests seek production of all electronically stored data, in whatever form and without limitation, and to the extent the Requests seek electronic data that may exist on sources that are not readily accessible.  It is impossible to identify every possible source of electronically stored data; to the extent the Requests call for production from sources that are not readily accessible, the Requests are overly broad, unduly burdensome, and unreasonable.

Page 2 -    DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

8.      DEFENDANTS object to the Requests to the extent that the Requests are not limited to a reasonable time period.

9.      By answering these Requests, DEFENDANTS do not in any way waive or intend to waive, but instead intend to preserve, all objections including, but not limited to, the following:

a.      All objections as to competency, relevancy, materiality, and admissibility of the documents or the subject matter thereof;

b.      All objections as to vagueness, ambiguity, overbreadth, and unreasonableness;

c.      All rights to object on any ground to the use of the documents provided by DEFENDANTS, or the subject matter thereof, in any subsequent proceeding, including the trial of this action.

10.     Each of the following answers and responses to the Requests incorporate these general objections.

11.     DEFENDANTS expressly reserve the right to supplement and/or amend their answers and responses herein as additional information and documents are obtained through discovery in this litigation.

With the limitations set forth above, DEFENDANTS respond to Plaintiffs' First Interrogatories and Requests for Production as follows:

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:**  List the full names and contact information, including phone number, address and email, if known, of all witnesses to the events described in the complaint you are aware of or plan to rely upon in your case.

**ANSWER:**  Objection.  This Interrogatory is overly broad, unduly burdensome, and compound.  This Interrogatory is also broad enough to encompass information protected by the

Page 3 -      DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial.  DEFENDANTS object to the extent this Interrogatory seeks disclosure of the identity of expert witness(es) that DEFENDANTS may rely upon in this action.  DEFENDANTS will make their expert disclosures, if any, consistent with the provisions of Fed.R.Civ.P. 26(a)(2) and the Court's scheduling order.  DEFENDANTS further object because this Interrogatory is vague, ambiguous, and subject to more than one reasonable interpretation with respect to the undefined phrase, "the events described in the complaint."

Subject to and without waiving these or any General Objections, upon information and belief, DEFENDANTS understand that the following individuals may have witnessed all or some of the events described in PLAINTIFFS' Complaint:

1) **Alexander Fullerton:** c/o Williams Kastner, 1515 SW 5th Ave., Suite 600, Portland, OR 97201.

2) **Ruby Ciarlante:**  c/o Williams Kastner, 1515 SW 5th Ave., Suite 600, Portland, OR 97201.

3) **Chet Patel:**  c/o Williams Kastner, 1515 SW 5th Ave., Suite 600, Portland, OR 97201.

4) **Mathew Lovato:**  upon information and belief, counsel for Plaintiff Lovato has and/or can access Plaintiff Lovato's contact information.

5) **Stacie Carman:**  upon information and belief, counsel for Plaintiff Carman has and/or can access Plaintiff Carman's contact information.

6) **Plaintiff Stacie Carman's children:**  upon information and belief, counsel for Plaintiffs has and/or can access the full names and contact information for Plaintiff Carman's children.

DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7) **Emily Cote:**  upon information and belief, counsel for Defendant Cote has and/or can access Defendant Cote's contact information.

8) **John Shadron:**  upon information and belief, counsel for Defendant Shadron has and/or can access Defendant Shadron's contact information.

9) **Chris Kulp:**  upon information and belief, counsel for Defendant Kulp has and/or can access Defendant Kulp's contact information.

By way of further answer, discovery is ongoing in this matter and no decision has been made as to which witnesses DEFENDANTS intend, or may intend, to rely upon in this action. DEFENDANTS reserve the right to supplement and/or amend this Answer at a later date as additional information and documents are obtained through discovery in this litigation.

**REQUEST FOR PRODUCTION NO. 1:**  All documents referencing Plaintiffs. This request includes but is not limited to all emails, correspondence, recordings, text messages, social media posts, and photographs.

**RESPONSE**:  Objections.  Overly broad and unduly burdensome with respect to "all documents", oppressive, not reasonably limited as to scope and/or time, and not reasonably calculated to lead to the discovery of admissible evidence.  As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced.  DEFENDANTS further object because this Request is sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial.  Objection is also made to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel,

DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

and such documents will not be produced or identified.  DEFENDANTS further object to the extent this Request purports to require DEFENDANTS to produce documents from files maintained by any individual or entity other than DEFENDANTS, or to provide documents not in DEFENDANTS' possession, custody, or control.  DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information.  DEFENDANTS object to this Request to the extent it purports to require DEFENDANTS to produce documents that are on file with public agencies, as such documents are equally available to PLAINTIFFS as to DEFENDANTS.  DEFENDANTS further object to the extent this Request seeks disclosure of the identity of expert witness(es) that DEFENDANTS may rely upon in this action.  DEFENDANTS will make their expert disclosures consistent with the provisions of Fed.R.Civ.P. 26(a)(2) and the Court's scheduling order.  Finally, DEFENDANTS object to this Request because it is vague and ambiguous with respect to the undefined phrase, "referencing Plaintiffs."

Subject to and without waiving these or any General Objections, please see **DEF_00001-00090**.

**REQUEST FOR PRODUCTION NO. 2:**  All documents related to the incidents giving rise to this complaint that took place at the Motel 6 in North Portland between January 1, 2019, and February 28, 2021.

**RESPONSE**:  Objections.  Overly broad and unduly burdensome with respect to "all documents", oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced.  DEFENDANTS further object because this

Page 6 -    DEFENDANTS DELTA HOSPITALITY GROUP AND ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

Request is sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial.  Objection is also made to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel, and such documents will not be produced or identified. DEFENDANTS further object to the extent this Request purports to require DEFENDANTS to produce documents from files maintained by any individual or entity other than DEFENDANTS, or to provide documents not in DEFENDANTS' possession, custody, or control.  DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information.  DEFENDANTS object to this Request to the extent it purports to require DEFENDANTS to produce documents that are on file with public agencies, as such documents are equally available to PLAINTIFFS as to DEFENDANTS.  DEFENDANTS further object to the extent this Request seeks disclosure of the identity of expert witness(es) that DEFENDANTS may rely upon in this action. DEFENDANTS will make their expert disclosures consistent with the provisions of Fed.R.Civ.P. 26(a)(2) and the Court's scheduling order.  Finally, DEFENDANTS object to this Request because it is vague and ambiguous with respect to the undefined phrase, "the incidents giving rise to this complaint."

Subject to and without waiving these or any General Objections, DEFENDANTS cannot ascertain the nature or scope of documents sought by this Request.  DEFENDANTS invite PLAINTIFFS to clarify this Request and are willing to confer regarding production of non-privileged documents in response to a revised Request.

DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

**REQUEST FOR PRODUCTION NO. 3:** Any insurance or other agreement(s) under which any person or insurer may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**RESPONSE**: Objection. Overly broad and unduly burdensome, not reasonably limited as to scope and/or time, and not reasonably calculated to lead to the discovery of admissible evidence. DEFENDANTS further object to the extent this Request purports to require DEFENDANTS to produce documents from files maintained by any individual or entity other than DEFENDANTS, or to provide documents not in DEFENDANTS' possession, custody, or control. DEFENDANTS also object to this Request to the extent that it calls for a legal conclusion with respect to insurance coverage.

Subject to and without waiving these or any General Objections, a copy of any applicable insurance policy has been requested and will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 4:** All policies, procedures, protocols, manuals or other documents describing Motel 6 North Portland's policies regarding limits on guests' length of stay.

**RESPONSE**: Objection. Overly broad and unduly burdensome with respect to "all documents", oppressive, not reasonably limited as to scope and/or time, and not reasonably calculated to lead to the discovery of admissible evidence. As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced. DEFENDANTS further object because this Request is sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine,

Page 8 -    DEFENDANTS DELTA HOSPITALITY GROUP AND ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

and/or prepared or collected in anticipation of litigation and/or trial.  Objection is also made to

the extent this Request seeks documents that are already in the possession of PLAINTIFFS

and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel,

and such documents will not be produced or identified.  DEFENDANTS also object to the

extent that this Request seeks documents that could contain confidential, proprietary and/or

privileged information.  Finally, DEFENDANTS object to this Request because it is vague and

ambiguous with respect to the undefined phrase, "policies regarding limits on guests' length of

stay."

Subject to and without waiving these or any General Objections, discovery is ongoing

and non-privileged, responsive documents, if any, will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 5:**  All policies, procedures, protocols, manuals

or other documents describing Motel 6 North Portland's policies regarding the application of

landlord-tenant law to guests/tenants at the motel, including but not limited to how guests

and/or tenants may be trespassed, removed, or evicted from the motel.

**RESPONSE**:  Objection.  Overly broad and unduly burdensome with respect to "all

documents", oppressive, not reasonably limited as to scope and/or time, and not reasonably

calculated to lead to the discovery of admissible evidence.  As a practical matter, it is

impossible ever to be certain that "all documents" on a given subject have been located and

produced.  DEFENDANTS further object because this Request is sufficiently broad enough to

encompass documents protected by the attorney-client privilege, the work-product doctrine,

and/or prepared or collected in anticipation of litigation and/or trial.  Objection is also made to

the extent this Request seeks documents that are already in the possession of PLAINTIFFS

DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel, and such documents will not be produced or identified.  DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information.  Objection is also made because this Request alleges, assumes or implies that one or more individuals who currently occupy or have occupied a room at the Motel 6 referenced in PLAINTIFFS' Complaint are "tenants" and/or have been "evicted," which DEFENDANTS deny.  Finally, DEFENDANTS object to this Request because it is vague and ambiguous with respect to the undefined phrase, "regarding the application of landlord-tenant law to guests/tenants at the motel."

Subject to and without waiving these or any General Objections, discovery is ongoing and non-privileged, responsive documents, if any, will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 6:**  All documents reflecting or referencing Plaintiffs' payments to stay at Motel 6 North Portland, and assignment to rooms at Motel 6 North Portland, between January 1, 2019, and February 28, 2021.

**RESPONSE**:  Objection.  Overly broad and unduly burdensome with respect to "all documents", oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced.  DEFENDANTS further object because this Request is sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial.  Objection is also made to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to

Page 10 -  DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

PLAINTIFFS and/or their counsel, and such documents will not be produced or identified. DEFENDANTS further object to the extent this Request purports to require DEFENDANTS to produce documents from files maintained by any individual or entity other than DEFENDANTS, or to provide documents not in DEFENDANTS' possession, custody, or control.  DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information.  Finally, DEFENDANTS object to the extent this Request seeks disclosure of the identity of expert witness(es) that DEFENDANTS may rely upon in this action.  DEFENDANTS will make their expert disclosures consistent with the provisions of Fed.R.Civ.P. 26(a)(2) and the Court's scheduling order.

Subject to and without waiving these or any General Objections, please see **DEF_00001-00090**.

**REQUEST FOR PRODUCTION NO. 7:**  All documents and communications, electronic or otherwise, between Plaintiffs and Motel 6 North Portland staff, including but not limited to communications with Defendant Fullerton.

**RESPONSE**:  Objection.  Overly broad and unduly burdensome with respect to "all documents and communications", oppressive, not reasonably limited as to scope and/or time, and not reasonably calculated to lead to the discovery of admissible evidence.  As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced.  DEFENDANTS also object to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel, and such documents will not be produced

Page 11 -   DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

or identified. DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information.

Subject to and without waiving these or any General Objections, discovery is ongoing and non-privileged, responsive documents, if any, will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 8**: All documents, written and electronic, which constitute or refer to the Motel 6 Defendants' files regarding Plaintiffs' removal from the Motel 6 North Portland premises on February 19, 2021. This request includes, but is not limited to, any written notice to vacate/leave the premises.

**RESPONSE:** Objection. Overly broad and unduly burdensome with respect to "all documents", oppressive, not reasonably limited as to scope and/or time, and not reasonably calculated to lead to the discovery of admissible evidence. As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced. DEFENDANTS also object to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel, and such documents will not be produced or identified. DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information. Objection is also made to the extent this Request alleges, assumes or implies that DEFENDANTS were required to provide written notice to vacate/leave the premises to PLAINTIFFS prior to PLAINTIFFS' removal from the Motel 6 referenced in PLAINTIFFS' Complaint, which DEFENDANTS deny.

Page 12 - DEFENDANTS DELTA HOSPITALITY GROUP AND ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

Subject to and without waiving these or any General Objections, discovery is ongoing and non-privileged, responsive documents, if any, will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 9**:  Documents, including investigations and reports, concerning any complaints about Plaintiffs during their stay at Motel 6 North Portland.

**RESPONSE:**  Objection.  Overly broad, unduly burdensome, oppressive, not reasonably limited as to scope and/or time, and not reasonably calculated to lead to the discovery of admissible evidence.  DEFENDANTS further object because this Request is sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial. Objection is also made to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel, and such documents will not be produced or identified. DEFENDANTS further object to the extent this Request purports to require DEFENDANTS to produce documents from files maintained by any individual or entity other than DEFENDANTS, or to provide documents not in DEFENDANTS' possession, custody, or control.  DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information.  DEFENDANTS further object to the extent this Request seeks disclosure of the identity of expert witness(es) that DEFENDANTS may rely upon in this action.  DEFENDANTS will make their expert disclosures consistent with the provisions of Fed.R.Civ.P. 26(a)(2) and the Court's scheduling order.  Finally, DEFENDANTS object to this Request because it is vague and ambiguous with respect to the undefined phrase, "any complaints."

Page 13 -  DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

Subject to and without waiving these or any General Objections, discovery is ongoing and non-privileged, responsive documents, if any, will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 10**: Any communication, document, copy of any Complaint or Petition, and any judgment or settlement in any lawsuits filed against the Motel 6 Defendants within the last five years in which a claim for unlawful eviction was alleged.

**RESPONSE:** Objection. Overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. DEFENDANTS further object because this Request is sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial. DEFENDANTS also object to the extent this Request purports to require DEFENDANTS to produce documents from files maintained by any individual or entity other than DEFENDANTS, or to provide documents not in DEFENDANTS' possession, custody, or control. DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information. DEFENDANTS object to this Request to the extent it purports to require DEFENDANTS to produce documents that are on file with public agencies, as such documents are equally available to PLAINTIFFS as to DEFENDANTS. Finally, DEFENDANTS object to this Request because it is vague and ambiguous with respect to the undefined phrase, "[a]ny communication, document."

Subject to and without waiving these or any General Objections, DEFENDANTS have no responsive documents in their possession, custody or control.

Page 14 - DEFENDANTS DELTA HOSPITALITY GROUP AND ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

**REQUEST FOR PRODUCTION NO. 11:**  Any communication, document, copy of any Complaint or Petition, and any judgment or settlement in any lawsuits filed by the Motel 6 Defendants within the last five years, including but not limited to any actions for possession under the Oregon Residential Landlord-Tenant Act.

**RESPONSE:**  Objection.  Overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  DEFENDANTS further object because this Request is sufficiently broad enough to encompass documents protected by the attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation of litigation and/or trial.  DEFENDANTS also object to the extent this Request purports to require DEFENDANTS to produce documents from files maintained by any individual or entity other than DEFENDANTS, or to provide documents not in DEFENDANTS' possession, custody, or control.  DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information.  DEFENDANTS object to this Request to the extent it purports to require DEFENDANTS to produce documents that are on file with public agencies, as such documents are equally available to PLAINTIFFS as to DEFENDANTS.  Objection is also made because this Request alleges, assumes or implies that one or more individuals who currently occupy or have occupied a room at the Motel 6 referenced in PLAINTIFFS' Complaint within the last five years are or were protected by the Oregon Residential Landlord Tenant Act such that DEFENDANTS would be or were required to file a lawsuit for possession under the Oregon Residential Landlord Tenant Act, which DEFENDANTS deny.  Finally, DEFENDANTS

/ / /

Page 15 -   DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

object to this Request because it is vague and ambiguous with respect to the undefined phrase,
"[a]ny communication, document."

Subject to and without waiving these or any General Objections, DEFENDANTS have
no responsive documents in their possession, custody or control.

**REQUEST FOR PRODUCTION NO. 12:**  The complete Delta Hospitality
Group/Motel 6 employment file for Alexander Fullerton, including any records of guest/tenant
complaints.

**RESPONSE:**  Objection.  Overly broad, unduly burdensome, and oppressive.
DEFENDANTS also object because this Request seeks documents irrelevant to any claim or
defense in this matter, is not proportional to the needs of the case, and is not reasonably
calculated to lead to the discovery of admissible evidence.  DEFENDANTS further object
because this Request is sufficiently broad enough to encompass documents protected by the
attorney-client privilege, the work-product doctrine, and/or prepared or collected in anticipation
of litigation and/or trial.  DEFENDANTS object to the extent that this Request seeks
documents that could contain confidential, proprietary and/or privileged information.
Objection is also made because this Request alleges, assumes or implies that one or more
individuals who currently occupy or have occupied a room at the Motel 6 referenced in
Plaintiffs' Complaint are "tenants", which DEFENDANTS deny.  Finally, DEFENDANTS
object to this Request because it is vague and ambiguous with respect to the undefined phrases,
"complete Delta Hospitality Group/Motel 6 employment file" and "any records of guest/tenant
complaints."

Page 16 -   DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

Subject to and without waiving these or any General Objections, discovery is ongoing and non-privileged, responsive documents, if any, will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 13:**  All documents issued by the Motel 6 Defendants, from January 1, 2019 to March 1, 2021, to any guests or tenants that reference rights or obligations under Oregon landlord-tenant law, including but not limited to leases, notices of lease violation, and notices to vacate.

**RESPONSE:**   Objection.  Overly broad and unduly burdensome with respect to "all documents", and oppressive.  As a practical matter, it is impossible ever to be certain that "all documents" on a given subject have been located and produced.  DEFENDANTS also object because this Request seeks documents irrelevant to any claim or defense in this matter, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence.  DEFENDANTS further object to the extent this Request seeks documents that are already in the possession of PLAINTIFFS and/or their counsel, or that have already been provided to PLAINTIFFS and/or their counsel, and such documents will not be produced or identified.  DEFENDANTS also object to the extent that this Request seeks documents that could contain confidential, proprietary and/or privileged information.  Objection is also made because this Request alleges, assumes or implies that one or more individuals who currently occupy or have occupied a room at the Motel 6 referenced in PLAINTIFFS' Complaint are "tenants" who occupy or have occupied the subject Motel 6 under a lease agreement and that DEFENDANTS were required to provide said individual(s) with notices of lease violation and/or notices to vacate, which DEFENDANTS deny.  Finally,

Page 17 -   DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

DEFENDANTS object to this Request because it is vague and ambiguous with respect to the undefined phrase, "reference rights or obligations under Oregon landlord-tenant law."

Subject to and without waiving these or any General Objections, discovery is ongoing and non-privileged, responsive documents, if any, will be provided upon receipt.

DATED this 10th day of June, 2022.

s/ Jackson Brannon
Charles R. Markley, OSB #752405
J. Jackson Brannon, III, OSB #18143
WILLIAMS, KASTNER & GIBBS PLLC
Telephone:  (503) 228-7967
*Attorneys for Defendants Delta Hospitality Group and Alexander Fullerton*

Page 18 -   DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

**VERIFICATION**

STATE OF OREGON     )
                         ) ss.
County of Multnomah   )

    I, _SHAKEEL PATEL_, being first duly sworn on oath, depose and state as follows:

    I have read the foregoing Defendants Delta Hospitality Group and Alexander Fullerton's Response to Plaintiffs' First Interrogatories and Requestions for Production and the answers and responses thereto, know the contents thereof, and believe the same to be true and accurate in all respects.

_____
Representative of Defendant Delta Hospitality
Group dba Motel 6 North Portland

_6/9/2022_
Date

Page 19 -  DEFENDANTS DELTA HOSPITALITY GROUP
AND ALEXANDER FULLERTON'S RESPONSE TO
PLAINTIFFS' FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION

7603515.1

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## **VERIFICATION**

STATE OF OREGON )
                         ) ss.
County of Multnomah )

I, _Alexander Fullerton_ , being first duly sworn on oath, depose and state as follows:

I have read the foregoing Defendants Delta Hospitality Group and Alexander Fullerton's Response to Plaintiffs' First Interrogatories and Requestions for Production and the answers and responses thereto, know the contents thereof, and believe the same to be true and accurate in all respects.

_Alexander Fullerton_
Alexander Fullerton

_6. 10. 22_
Date



Williams, Kastner & Gibbs PLLC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## <u>ATTORNEY'S FRCP 26(g) CERTIFICATION</u>

The undersigned attorney for Defendants Delta Hospitality Group dba Motel 6 North Portland and Alexander Fullerton has read the foregoing Interrogatories and Requests for Production and hereby certifies that, to the best of his knowledge, information, and belief formed after a reasonable inquiry, the objections, responses and answers herein comply with Fed.R.Civ.P. 26(g).

Dated this 10th day of June, 2022.

s/ Jackson Brannon
Charles R. Markley, OSB #752405
J. Jackson Brannon, III, OSB #18143
WILLIAMS, KASTNER & GIBBS PLLC
Telephone:  (503) 228-7967
*Attorneys for Defendants Delta Hospitality Group and Alexander Fullerton*

Page 20 -   DEFENDANTS DELTA HOSPITALITY GROUP AND
ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION

**Williams, Kastner & Gibbs PLLC**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7603515.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing DEFENDANTS DELTA HOSPITALITY GROUP AND ALEXANDER FULLERTON'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION on the following attorneys by the method indicated below on the 10th day of June, 2022:

***Of Attorneys for Plaintiffs:***

Kelsey Heilman
MariRuth Petzing
Ed Johnson
OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR 97204
kheilman@oregonlawcenter.org
mpetzing@oregonlawcenter.org
ejohnson@oregonlawcenter.org

☐ Via ECF/Filing
☐ Via Legal Messenger
☐ Via Facsimile
☒ Via Electronic Mail
☐ Via U.S. Mail

***Of Attorneys for Defendants Emily Cote, John Shadron and Chris Kulp:***

Daniel Simon
Portland Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
dan.simon@portlandoregon.gov

☐ Via ECF/Filing
☐ Via Legal Messenger
☐ Via Facsimile
☒ Via Electronic Mail
☐ Via U.S. Mail

s/ Jackson Brannon
Charles R. Markley, OSB #752405
J. Jackson Brannon, III, OSB #183143
*Attorneys for Defendants Delta Hospitality*
*Group and Alexander Fullerton*

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Telephone: (503) 228-7967 • Fax (503) 222-7261

| | |
|---|---|
| **From:** | MariRuth Petzing |
| **To:** | Brannon, Jackson; Cartier, Norah; Markley, Charles |
| **Cc:** | Ed Johnson; Kelsey Heilman; Simon, Dan |
| **Subject:** | Lovato & Carman v. Delta Hospitality Group - Discovery Request Responses |
| **Date:** | Friday, July 8, 2022 4:39:20 PM |

Dear Counsel,

Happy Friday! I hope you are looking forward to a lovely weekend. I am writing to follow up on the responses that we have received to our discovery requests. We are seeking to clarify some of our requests, receive additional responsive information or documents to other requests, and understand the timeline for additional productions that are still pending. I have listed our concerns by our request number. We look forward to jointly resolving these ongoing discovery details.

Interrogatory 1: Please provide the job titles of Ruby Ciarlante and Chet Patel and state why they are considered to be represented parties. In the alternative, please provide their contact information.

RFP 1: We received booking records in response to this RFP. We are still seeking internal emails, text messages, database notes, or other forms of electronic records created by Motel 6 staff referencing Plaintiffs.

RFP 2: We are seeking any internal communications regarding the interactions with Plaintiffs on the date in question, communications and memorialization of the decision to contact law enforcement, and internal reports of the events in question. We are seeking documents including but not limited to emails and/or text messages between Mr. Fullerton and anyone else about the incident. Please advise if you still have questions regarding the scope of this request.

RFP 4 and RFP 5: We requested copies of Motel 6's policies and procedures regarding length of guests' stay, applicability of landlord-tenant law, and the trespass, removal, or eviction of guests. We are still awaiting production of documents which we believe are in the custody and control of Defendants. Please provide an update on the timeline for providing these documents and an explanation for the delay.

RFP 6: We received records of bookings from date January 1, 2021. We understand that Plaintiffs booked rooms at Motel 6 prior to January 1, 2021. Please additionally provide all booking records referencing Plaintiffs from January 1, 2019 through December 31, 2020.

RFP 7, RRF 8, and RFP 9: We requested copies of internal communications between Motel 6 and Motel 6 staff that reference Plaintiffs, the incident in question, and communications with Defendant Mr. Fullerton. We are still awaiting production of documents which we believe are in the custody and control of Defendants. Please provide an update on the timeline for providing these documents and an explanation for the delay.

RFP 12: We are still awaiting production of documents which we believe are in the custody and control of Defendants. Mr. Fullerton's personnel file, including but not limited to dates of employment, complaints or comments from hotel guests regarding Mr. Fullerton, disciplinary

records, policies provided to Mr. Fullerton, and supervision should be readily accessible by Defendants. Please provide an update on the timeline for providing these documents and an explanation for the delay.

Regards,
-MariRuth Petzing


MariRuth Petzing *she/her/ella*
*Staff Attorney*
Oregon Law Center
522 SW Fifth Ave, Suite 812
Portland, OR 97204
(503) 473-8680 - direct
(503) 295-0676 - fax

| **From:** | MariRuth Petzing |
| **To:** | Brannon, Jackson; Ed Johnson; Kelsey Heilman |
| **Cc:** | Ped, Thomas; Cartier, Norah; Tiland, Brenda; Simon, Dan; Omier, Michael |
| **Subject:** | RE: Notices of Depositions of PPB Defendants |
| **Date:** | Monday, August 29, 2022 12:08:15 PM |

Good Afternoon,

I have put you on my calendar for 1:30pm on Friday 9/2. Please call me at (503) 473-8680.

I can acknowledge receipt of the insurance policy. We are still waiting for supplemental production of additional items, some of which we need by Friday 9/2 in order to have time to review prior to Mr. Fullerton's deposition on 9/16.

We are still waiting for Mr. Fullerton's personnel file. We are also still waiting for the Motel 6 North Portland employee handbook. These were requested as part of our original RFP and in a subsequent email. When we spoke on July 21st you indicated that they would be produced by 8/5. We have still not received them. Please ensure that we receive these documents by this Friday. We are reaching out to the court to learn what Judge Beckerman's process is for resolving discovery disputes but hope that we will not need to utilize the court's process.

We are also still waiting for promised follow up on additional requests, including policies and procedures regarding length of stay, trespass, exclusion, and eviction, and booking records from 2019 and 2020. You had indicated that you would check with your client and produce the documents, or provide in writing either confirmation that they either do not exist or an explanation of the undue burden to produce them.

I am hopeful that we can resolve the discovery issues quickly and continue to move this case forward as scheduled.

Best Regards,
-MariRuth Petzing

---

**From:** Brannon, Jackson <JBrannon@williamskastner.com>
**Sent:** Monday, August 29, 2022 9:27 AM
**To:** MariRuth Petzing <mpetzing@oregonlawcenter.org>; Ed Johnson <ejohnson@oregonlawcenter.org>; Kelsey Heilman <kheilman@oregonlawcenter.org>
**Cc:** Ped, Thomas <tped@williamskastner.com>; Cartier, Norah <NCartier@williamskastner.com>; Tiland, Brenda <btiland@williamskastner.com>; Simon, Dan <Dan.Simon@portlandoregon.gov>; Omier, Michael <Michael.Omier@portlandoregon.gov>
**Subject:** RE: Notices of Depositions of PPB Defendants

MariRuth,

Yes, I'm available at 1:30 pm on Friday as well. Talk to you then.