Kelsey Heilman, OSB No.140348
kheilman@oregonlawcenter.org
MariRuth Petzing, OSB No. 135412
mpetzing@oregonlawcenter.org
Edward Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR 97204
(503) 473-8324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATHEW LOVATO and STACIE CARMAN,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>DELTA HOSPITALITY GROUP, an Oregon corporation, dba MOTEL 6 NORTH PORTLAND; ALEXANDER FULLERTON; EMILY COTE, in her official capacity; JOHN SHADRON, in his official capacity; and CHRIS KULP, in his official capacity;<br><br>　　　　　　Defendants. | Case No. 3:22-cv-00264-SB<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** |

## LR 7-1 CERTIFICATION

The parties conferred by email. Despite good faith efforts to resolve this dispute, they have been unable to do so. Defendants Emily Cote, John Shadron, and Chris Kulp ("the Individual PPB Defendants") oppose this motion. Defendants Delta Hospitality Group and Alexander Fullerton ("the Motel 6 Defendants") take no position on this motion.

PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT - 1

**MOTION**

Plaintiffs Mathew Lovato and Stacie Carman respectfully move for leave to amend their complaint to add claims under *Monell v. Department of Social Services*, 436 U.S 658 (1978), against a new defendant, the City of Portland. This motion is supported by the following memorandum, by Rule 15 of the Federal Rules of Civil Procedure, and by the Declaration of Kelsey Heilman and accompanying exhibits.

**MEMORANDUM IN SUPPORT**

"[A] party may amend its pleading [after the period of time when amendment is allowed as a matter of course] only with the opposing party's written consent or of the court's leave." Fed. R. Civ. P. 15(a)(2). "Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing Fed. R. Civ. P. 15(a)(2)) (quotation marks omitted and alterations normalized). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.* (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). "Absent prejudice, or a strong showing of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Plaintiffs seek leave to amend the complaint to add two *Monell* claims against a new defendant, the City of Portland. They also seek to change certain factual allegations in the complaint based on information learned in discovery and to make minor grammatical corrections.

None of the five factors weighs against leave to amend in this case, and justice requires granting Plaintiffs' motion.

///

## I. The amendment is not proposed in bad faith.

Plaintiffs seek to amend the complaint based on facts learned in discovery that were not available to them prior to filing. This motion is not made in bad faith.

## II. Plaintiffs have acted diligently.

There has been no undue delay in seeking this amendment. Plaintiffs allege that the Motel 6 Defendants unlawfully ousted them from their hotel, in violation of the Oregon Residential Landlord-Tenant Act, and that the Individual Police Officer Defendants violated their constitutional rights by assisting in that illegal eviction. As set forth in the First Amended Complaint, at the time of filing, Plaintiffs believed that the City of Portland had clearly established, written policies on whether and how police officers should intervene when summoned to hotels on "unwanted person" calls—calls to 911 in which hotel management requests police assistance in removing guests from the premises. *See* First Am. Compl. ¶¶ 37, 41. Through written discovery and the depositions of the Individual Police Officer Defendants, Plaintiffs learned that no such written policies exist. Plaintiffs also obtained evidence that, despite the absence of any written policy, Portland police officers nevertheless follow a uniform, department-wide custom, policy or practice when summoned to hotels on "unwanted person" calls. Finally, Plaintiffs learned that individual police officers receive no formal training on the application of landlord-tenant law to "unwanted person" calls initiated by hotels. Plaintiffs did not have access to any of this information prior to discovery.

Plaintiffs acted promptly once they obtained this new information. Two days after depositions of the Individual Police Officer Defendants concluded, counsel for Plaintiffs notified opposing counsel by email that Plaintiffs were considering amending to add a *Monell* claim but that they would wait until the close of all depositions to propose amendment so that all necessary amendments could be made at the same time. *See* Decl. of Kelsey Heilman ¶ 3 (Dec. 1, 2022) & Ex. 1 ( "Heilman Decl."). Two and half weeks after all depositions ended, counsel for Plaintiffs emailed opposing counsel to confirm Plaintiffs' desire to amend the complaint to add a *Monell* claim. That email contained a draft Second Amended Complaint in both clean and redline form. *See* Heilman Decl. ¶ 5 & Ex. 2. Finally, Plaintiffs promptly filed this motion as soon as opposing counsel provided their positions on the motion. *See* Heilman Decl. ¶ 6.

### III.    There is no prejudice to the opposing parties.

The party opposing amendment bears the burden of showing prejudice. *Eminence Capital*, 316 F.3d at 1052. The Motel 6 Defendants take no position on the amendment, and so presumably do not contend they would be prejudiced if the motion is granted. The Individual Police Officer Defendants also cannot show prejudice; the addition of separate claims against the City of Portland will not affect in any meaningful way the individual officers' ability to defend themselves against existing claims.

### IV.    Amendment would not be futile.

Plaintiffs understand that the Individual Police Officer Defendants oppose amendment on the ground of futility. But amendment would not be futile. The new proposed claims against the City of Portland are timely, asserted within the two-year statute of limitations that governs civil rights claims asserted under § 1983. *See Matheny v. Clackamas Cty.*, 3:10-CV-1574-BR, 2012 U.S. Dist. LEXIS 6661, at *8 (D. Or. Jan. 19, 2012).

Furthermore, Plaintiffs' proposed amendments easily state a claim for *Monell* liability. As relevant to the instant motion, under *Monell*, a municipality may be liable for a constitutional violation based on "a pervasive practice or custom" or a "failure to train." *Santos v. Naphcare, Inc.*, 2022 U.S. Dist. LEXIS 49121, 3:21-cv-00131-YY, at *24 (D. Or. Feb. 4, 2022). At the complaint stage, an adequately pleaded *Monell* practice/custom claim must allege a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *Id.* at *25. An adequately pleaded failure-to-train claim must allege just that: failure to train. For both types of *Monell* claim, the plaintiff must also allege that the challenged practice/custom or the failure to train was the "moving force" behind his constitutional injury (causation). *Id.* at *29. Finally, the plaintiff must allege that the challenged practice/custom or the failure to train "amounted to deliberate indifference" to the risk it would cause a constitutional violation. *Id.* at *26.

Plaintiffs propose to amend to add the following allegations:

- Homelessness and housing instability are a serious problem in Portland, affecting thousands of people in any given month. Heilman Decl. Ex. 3 (redline version of Proposed Second Amended Complaint) ¶ 43.

- It is common for people in Portland to stay in hotels for stretches lasting many months, and sometimes years, during periods of homelessness or housing instability. *Id.* ¶ 44.

- It is common for hotel staff or management to request assistance from the Portland Police Bureau in removing a guest from the hotel premises. These are known as "unwanted person" calls. *Id.* ¶ 45.

- There is a homelessness crisis in Oregon, and policymakers at the City of Portland know that people experiencing homelessness or housing instability often stay at hotels for longer than the 30 days required to establish a tenancy under Oregon landlord-tenant law. *Id.* ¶¶ 61, 70.

- The City of Portland does not provide officers with any written policies to guide their response to "unwanted person" calls at hotels. *Id.* ¶ 57.

PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT - 5

- It is the policy, practice, and custom of the City of Portland for police officers to make no inquiry into the length of time a guest has been at a hotel when summoned by hotel staff to remove the guest from the property. Although unwritten, this policy, practice and custom is longstanding and widespread such that it has the force of law. *Id.* ¶ 58.

- It is the policy, practice and custom of the City of Portland for police officers to assume that, when hotel staff calls for assistance in removing a guest, hotel management has already made the determination that the person is not a tenant under Oregon landlord/tenant law. Although unwritten, this policy, practice and custom is longstanding and widespread such that it has the force of law. *Id.* ¶ 59.

- It is the policy, practice and custom of the City of Portland that the objective when responding to an "unwanted person" call at a hotel is to obtain the cooperation of the hotel guest in leaving peacefully. Officers accomplish this objective by either directing the guest to leave and informing them they will be arrested if they do not comply, or by standing by, armed and in uniform, while hotel management directs the guest to leave. Officers deviate from this policy of assuming they have been summoned to remove a guest with no rights as a tenant only if the tenant provides affirmative proof of their status as a tenant. Although unwritten, this policy, practice and custom is longstanding and widespread such that it has the force of law. *Id.* ¶ 60.

- Under [these] policies, practices and customs, when an armed, uniformed officer directs a guest at a hotel to leave, it is the guest's burden to affirmatively raise and prove that they have been staying at the hotel for 30 days or longer. This creates a substantial risk that Portland police officers will assist in an illegal eviction, particularly for tenants who are especially vulnerable due to mental illness, disability, race, or other characteristics. *Id.* ¶¶ 62, 71.

- The Portland Police Bureau and the City of Portland provide Portland police officers no training on the application of Oregon landlord/tenant law to hotels. As a result, Portland police officers learn how to respond to "unwanted person" calls by hotels on the job by observing their fellow officers following to policies and practices summarized above. *Id.* ¶ 66.

- The City of Portland['s] policies and practices . . . demonstrate deliberate indifference to the rights of the Fourth and Fourteenth Amendment rights of tenants living in hotels. *Id.* ¶ 65.

- The absence of any training on the application of landlord/tenant law to guests in hotels or "unwanted person" calls at hotels demonstrates deliberate indifference to the Fourth and Fourteenth Amendment rights of individuals like plaintiffs who become tenants at hotels. *Id.* ¶ 67.

- The policies, practices and customs described above constitute a deliberate policy choice by the City of Portland, which as recently as 1997 provided written guidance to officers

PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT - 6

    specifically addressing the definition and rights of a "tenant" in the context of hotels and motels. *Id.* ¶¶ 63, 68.

- These policies and practices were the moving force behind the constitutional violations alleged in plaintiffs' first and second claims for relief. If the City of Portland's policies required officers to perform a basic inquiry of a hotel guest's length of stay before trespassing that guest from the property, plaintiffs would not have been illegally evicted on February 19, 2021. *Id.* ¶¶ 64, 69.

Accepted as true, as they must be at this stage, these allegations state a claim by adequately alleging each required element under *Monell*: the existence of a practice or custom; a failure to train; causation; and deliberate indifference to constitutional rights. Amendment is not futile.

### V. This is the first post-service proposed amendment to the complaint.

Although this is the second proposed amendment to the complaint, the first amendment, which corrected a clerical error, was made as a matter of course prior to service on the defendants. *See* Fed. R. Civ. P. 15(a)(1); *compare* Dkt. 1 (Complaint, date-stamped February 17, 2022) *with* Dkt. 10 (Amended Complaint, date-stamped March 4, 2022). Such early, prior amendment, which required no additional work or response from Defendants, does not weigh against amendment here.

### VI. Justice requires leave to amend.

Because none of the five factors weigh against amendment, the presumption in favor of leave applies and Plaintiffs' motion should be granted. *Eminence Capital*, 316 F.3d at 1052. In addition, it serves the interests of justice to permit leave to amend. Prior to filing, Plaintiffs—two individuals experiencing housing instability and periodic homelessness—had no way to know that the violation of their rights was evidence of a systemic problem inside the Portland Police Bureau. It serves justice to allow the amendment now that they have learned the problem extends beyond the individual officers involved in their eviction. In addition, Plaintiffs continue to be housed primarily in hotels. Granting their motion for leave to amend is critical to ensuring they

have the opportunity to seek complete relief. Allowing amendment would permit Plaintiffs to seek not just money damages, which they sought in the initial complaint, but also injunctive relief that will address the risk that this same harm will befall Plaintiffs in the future.

Plaintiffs respectfully ask the Court to grant their motion for leave to amend.

DATED:  December 1, 2022

                                                /s/ ***Kelsey Heilman***

Kelsey Heilman, OSB No.140348
kheilman@oregonlawcenter.org
MariRuth Petzing, OSB No. 135412
mpetzing@oregonlawcenter.org
Edward Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR 97204
(503) 473-8324

Attorneys for Plaintiffs