Kelsey Heilman, OSB No.140348
kheilman@oregonlawcenter.org
MariRuth Petzing, OSB No. 135412
mpetzing@oregonlawcenter.org
Edward Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR 97204
(503) 473-8324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATHEW LOVATO and STACIE CARMAN,<br><br>                   Plaintiffs,<br><br>v.<br><br>DELTA HOSPITALITY GROUP, an Oregon corporation, dba MOTEL 6 NORTH PORTLAND; ALEXANDER FULLERTON; EMILY COTE, in her official capacity; JOHN SHADRON, in his official capacity; and CHRIS KULP, in his official capacity;<br><br>                   Defendants. | Case No. 3:22-cv-00264-SB<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiffs seek leave to amend the complaint in this case to add two *Monell* claims against a new defendant, the City of Portland ("the City"). Individual PPB Defendants[1] oppose

---

[1] As in the motion for leave to amend, Plaintiffs refer to Defendants Emily Cote, John Shadron, and Chris Kulp collectively as "Individual PPB Defendants."

PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT - 1

amendment on a single ground: futility.[2] They contend that Plaintiffs' proposed amendments "cite no evidence of an unconstitutional policy other than their own interaction with police officers" and fail to "establish" deliberate indifference. City Defs.' Opp. Pls.' Mot. Leave Amend Compl. ("Opp. Br.") at 4, 6. This both ignores Plaintiffs' detailed allegations in the proposed Second Amended Complaint and improperly applies a summary judgment sufficiency-of-evidence standard to the pleadings stage. Applying the correct standard, the Court should grant Plaintiffs' motion.

I. **Plaintiffs Adequately Allege an Unconstitutional Policy, Practice or Custom**

Plaintiffs agree with the Individual PPB Defendants that evaluating whether the proposed amendments would be futile requires application of the standard for a motion to dismiss for failure to state a claim. *See* Opp. Br. at 2–3. To survive a motion to dismiss, allegations in support of a *Monell* claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying fact to give fair notice and to enable the opposing party to defend itself effectively." *AE v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). In addition, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

In *Murphy v. City of Hood River*, Case No. 3:18-cv-01844-SI, 2019 U.S. Dist. LEXIS 26817 (D. Or. Feb. 20, 2019), this Court denied the city's motion to dismiss a *Monell* claim. The plaintiff alleged "specific conduct by Officers of the City of Hood River Police Department" and

---

[2] Federal courts apply a five-factor test when deciding whether to grant leave to amend. *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014). Individual PPB Defendants do not argue that any factor other than futility weights against allowing amendment.

PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT - 2

that the City of Hood River had been deliberately indifferent to Plaintiff's rights "by failing to adequately train, monitor, or supervise its officers" and by "failing to promulgate a policy, procedure, or practice to properly train Defendant officers." *Id.* at *15–16. This Court found those allegations sufficient to withstand a motion to dismiss because they alleged a causal connection between failure to train and the individual officers' conduct. Because the allegations provided the City "with fair notice of the plaintiff's theories and the facts that underlie them and plausibly suggest[ed] an entitlement to relief," they satisfied the "minimal pleading requirements to survive a motion to dismiss under Rule 12(b)(6)." *Id.* at *16.

Similarly, in *Martin v. City of Portland*, Case No. 3:19-cv-1647-SI, 2020 U.S. Dist. LEXIS 9795, at *1–2 (D. Or. Jan. 21, 2020), this Court found the plaintiff had stated a claim for municipal liability. The plaintiff was a representative of the estate of Lane Martin, who had been killed in an encounter with Portland police. The complaint alleged the City had a "custom and practice of using excessive force against people experiencing symptoms of mental illness"; that Mr. Martin was experiencing mental illness at the time of his contact with Portland police officers; that the City's failure to enforce policies related to de-escalation with people experiencing mental health crises was a "percipient cause" of Mr. Martin's death; and that the U.S. Department of Justice had found, in 2012, a pattern or practice of unreasonable force during Portland police interactions with individuals who have mental illness. *Id.* at *12–13. The Court found those allegations sufficient to withstand the City's motion to dismiss.

By contrast, in *AE*, the Ninth Circuit found the allegations insufficient to state a claim for municipal liability under *Monell*. *AE* concerned sexual abuse suffered by a child in the foster care system. 666 F.3d at 634. In support of the *Monell* claim, the plaintiff alleged individual acts and omissions by County employees were performed "under the ordinances, regulations,

customs, and practices" of the County and that the County "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" the plaintiff had suffered. *Id.* at 637. The complaint did not "put forth additional facts regarding the specific nature" of the policy, custom or practice "other than to state that it related to the custody, care and protection of dependent minors." *Id.* The Court found those allegations insufficient to support a *Monell* claim.

Plaintiffs' propose Second Amended Complaint contains the following allegations regarding the City's policy, practice, and custom for police response to "unwanted person" calls from hotels:

- The City of Portland does not provide officers with any written policies to guide their response to "unwanted person" calls at hotels. Declaration of Kelsey Heilman (Dec. 1, 2022) ("Heilman Decl.") Ex. 3 (redline version of Proposed Second Amended Complaint) ¶ 57.

- It is the policy, practice, and custom of the City of Portland for police officers to make no inquiry into the length of time a guest has been at a hotel when summoned by hotel staff to remove the guest from the property. Although unwritten, this policy, practice and custom is longstanding and widespread such that it has the force of law. *Id.* ¶ 58.

- It is the policy, practice and custom of the City of Portland for police officers to assume that, when hotel staff call for assistance in removing a guest, hotel management has already made the determination that the person is not a tenant under Oregon landlord/tenant law. Although unwritten, this policy, practice and custom is longstanding and widespread such that it has the force of law. *Id.* ¶ 59.

- It is the policy, practice and custom of the City of Portland that the objective when responding to an "unwanted person" call at a hotel is to obtain the cooperation of the hotel guest in leaving peacefully. Officers accomplish this objective by either directing the guest to leave and informing them they will be arrested if they do not comply, or by standing by, armed and in uniform, while hotel management directs the guest to leave. Officers deviate from this policy of assuming they have been summoned to remove a guest with no rights as a tenant only if the tenant provides affirmative proof of their status as a tenant. Although unwritten, this policy, practice and custom is longstanding and widespread such that it has the force of law. *Id.* ¶ 60.

- Under [these] policies, practices and customs, when an armed, uniformed officer directs a guest at a hotel to leave, it is the guest's burden to affirmatively raise and prove that they

- have been staying at the hotel for 30 days or longer. This creates a substantial risk that Portland police officers will assist in an illegal eviction, particularly for tenants who are especially vulnerable due to mental illness, disability, race, or other characteristics. *Id.* ¶¶ 62, 71.

- The Portland Police Bureau and the City of Portland provide Portland police officers no training on the application of Oregon landlord/tenant law to hotels. As a result, Portland police officers learn how to respond to "unwanted person" calls by hotels on the job by observing their fellow officers following the policies and practices summarized above. *Id.* ¶ 66.

These allegations are far from a formulaic recitation of the elements of a *Monell* claim. Unlike the allegations found wanting in *AE*, Plaintiffs explain in detail the contents of the policy, practice or custom they allege exists and led to the harm they suffered. Moreover, Plaintiffs' allegations are substantially more detailed than the allegations found sufficient in *Martin* and *Murphy*. By specifically outlining the policy, practice or custom Plaintiffs allege led to the constitutional deprivations in this case, they provide the City with "fair notice" of the theories and facts underlying the proposed *Monell* claims and plausibly suggest entitlement to relief.

The Individual PPB Defendants fault Plaintiffs for failing to cite "evidence" of an unconstitutional policy "other than their own interaction with police officers[.]" Opp. Br. at 4. But sufficiency of evidence is a matter for summary judgment or trial, not the pleadings stage. As this Court explained in *Martin*,

> Certainly, Plaintiff will need evidence to support its *Monell* claim at trial (and even to withstand a motion for summary judgment, if the City files one). But the City cannot avoid continuing the litigation at this stage merely by raising doubts about the persuasiveness of Plaintiff's eventual proof, so long as Plaintiff's allegations are plausible, which they are.

2020 U.S. Dist. LEXIS 9795, at *15.

Finally, contrary to the Individual PPB Defendants' assertion, Plaintiffs' allegations about policy, practice or custom are not based solely on the "single incident" between Plaintiffs and the three police officers named in this lawsuit. Opp. Br. at 3. Plaintiffs obviously knew about

that single incident when they filed this case, yet they did not assert claims for municipal liability at that time. They seek to add *Monell* claims now based on evidence gathered during discovery, including remarkably consistent testimony from the three police officers about their approach to "unwanted person" calls at hotels generally; remarkably consistent testimony from the officers about the absence of any training on the application of Oregon landlord-tenant law to long-term guests at hotels or on how to respond to "unwanted person" calls from hotels; and responses to requests for production seeking written policies or training materials on these topics.

Plaintiffs are unaware of any authority requiring allegations regarding the precise *source* of evidence that will ultimately be used to support each factual allegation in the complaint, and so do not believe the complaint here requires them to cite the police officers' deposition testimony or discovery responses that support each allegation. However, if the Court determines that such allegations should be added to the proposed amended complaint, Plaintiffs ask for leave to amend accordingly.

## II. Plaintiffs Adequately Allege Deliberate Indifference

Plaintiffs have also adequately alleged that the City's policy, practice or custom governing police response to "unwanted person" calls at hotels, and its failure to train police officers on this topic, demonstrated deliberate indifference to Plaintiffs' constitutional rights. Plaintiffs agree with the Individual PPB Defendants that the appropriate rule may be drawn from *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). Opp. Br. at 6. Plaintiffs note, however, that *Tsao* was decided on summary judgment and so contains discussion of adequacy of evidence that does not apply at the pleadings stage.

Individual PPB Defendants fault Plaintiffs for "assum[ing]" that policymakers at the City of Portland (1) know that people who experience homelessness or housing instability are

frequently living in hotels for extended periods of time; (2) are aware that individuals can establish that they are tenants at the hotels where they are staying under landlord-tenant law; and (3) deliberately failed to train police officers on the application of state landlord-tenant laws to residents of hotels.[3] Opp. Br. at 6–7. This argument fails for three reasons. First, the standard for evaluating a motion to dismiss *requires* assuming the truth of all well-pleaded allegations and construing them in the light most favorable to the non-moving party; it is not until later stages in the litigation that allegations must be supported with evidence. *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 848 (9th Cir. 2016). Plaintiffs' proposed amendments specifically allege that the City of Portland is deliberately indifferent "to the rights of the Fourth and Fourteenth Amendment rights of tenants living in hotels." Heilman Decl. Ex. 3 (redline version of Proposed Second Amended Complaint) ¶ 65. Standing alone, this allegation would be the sort of conclusory statement that is not entitled to a presumption of truth at the pleadings stage. However, Plaintiffs support this allegation with specific facts. *E.g. id.* ¶¶ 61, 70 ("There is a homelessness crisis in Oregon, and policymakers at the City of Portland know that people experiencing homelessness or housing instability often stay at hotels for longer than the 30 days required to establish a tenancy under Oregon landlord-tenant law."); *id.* ¶ 66 ("The Portland Police Bureau and the City of Portland provide Portland police officers no training on the application of Oregon landlord/tenant law to hotels. As a result, Portland police officers learn how to respond to "unwanted person" calls by hotels on the job by observing their fellow officers following the policies and practices summarized above.").

---

[3] The Individual PPB Defendants also assert Plaintiffs would have to show policymakers at the City knew that people *specifically* stay at the Motel 6 North Portland for extended periods. Plaintiffs do not agree that such a specific showing of knowledge about *this hotel* is necessary to prevail on their *Monell* claims.

Second, facts that are common knowledge in a community may properly support a finding of deliberate indifference. *Cf. Wereb v. Maui Cnty.*, 727 F. Supp. 2d 898, 923 (D. Haw. 2010) (citing a declaration that "[t]he risks associated with alcohol withdrawal have long been known to the law enforcement and correctional community" as sufficient to justify denying a motion for summary judgment on the question of correctional officers' deliberate indifference). Plaintiffs' allegations about the extent of Portland's homelessness crisis and the use of hotels as long-term housing therefore plausibly support an inference of deliberate indifference. *E.g.* Heilman Decl. Ex. 3 ¶ 43 ("Homelessness and housing instability are a serious problem in Portland, affecting thousands of people in any given month."); *id.* ¶ 44 ("It is common for people in Portland to stay in hotels for stretches lasting many months, and sometimes years, during periods of homelessness or housing instability."); *id.* ¶ 45 ("It is common for hotel staff or management to request assistance from the Portland Police Bureau in removing a guest from the hotel premises. These are known as 'unwanted person' calls.").

Third, Plaintiffs allege that the City chose to provide specific guidance on the rights of tenants at hotels to its officers as recently as 1997, but now provides no such guidance. *Id.* 63, 68 ("The policies, practices and customs described above constitute a deliberate policy choice by the City of Portland, which as recently as 1997 provided written guidance to officers specifically addressing the definition and rights of a 'tenant' in the context of hotels and motels."); *id.* ¶ 67 ("The absence of any training on the application of landlord/tenant law to guests in hotels or 'unwanted person' calls at hotels demonstrates deliberate indifference to the Fourth and Fourteenth Amendment rights of individuals like plaintiffs who become tenants at hotels. Those allegations provide further specific, factual support for all three "assumptions" listed above.

///

### III. Conclusion

Because Plaintiffs' proposed Second Amended Complaint contains allegations sufficient to withstand a motion to dismiss the *Monell* claims, amendment is not futile. Plaintiffs respectfully ask the Court to grant them leave to amend the complaint.

DATED: December 22, 2022

  /s/ *Kelsey Heilman*

Kelsey Heilman, OSB No.140348
kheilman@oregonlawcenter.org
MariRuth Petzing, OSB No. 135412
mpetzing@oregonlawcenter.org
Edward Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave, Suite 812
Portland, OR 97204
(503) 473-8324

Attorneys for Plaintiffs